# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

 -vs-

**Case No. 02-CR-206**
**06-CV-1105**

**KENNETH HACKBARTH,**

    Movant.

## DECISION AND ORDER

The Movant, Kenneth Hackbarth ("Hackbarth"), was sentenced to 120 months in jail after pleading guilty to mail fraud. Hackbarth has filed a motion under 28 U.S.C. § 2255 in an effort to vacate his conviction and, the Court presumes, proceed to trial. Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court must conduct an initial review of Hackbarth's motion and enter an order for dismissal if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

In his motion under § 2255, Hackbarth alleges that his guilty plea was involuntary/unlawfully induced because he did not understand the nature of the charge and the consequences of the plea. For his second claim, Hackbarth states that his conviction was obtained by the failure of the prosecution to disclose evidence favorable to his case. For his third and final claim, Hackbarth states that he was denied effective assistance of counsel. More generally, Hackbarth asserts that his sentence should be vacated because he is actually innocent

of the charges against him and the government's evidence of his guilt is insufficient to sustain his conviction.

Relief under § 2255 "is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir.1996). The Court may vacate or correct Hackbarth's sentence only if he can "show that the district court sentenced him in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." *Prewitt*, 83 F.3d at 816 (citing *Theodorou v. United States*, 887 F.2d 1336, 1338 n. 2 (7th Cir.1989)). Since Hackbarth entered a plea and did not proceed to trial, non-jurisdictional challenges to the constitutionality of his conviction are waived and only the knowing and voluntary nature of the plea may be attacked. *See United States v. Brown*, 870 F.2d 1354, 1358 (7th Cir. 1989) (citing *McMann v. Richardson*, 397 U.S. 759 (1970)).

In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently. *See United States v. Gilliam*, 255 F.3d 428, 432-33 (7th Cir. 2001). The Court has reviewed the transcript of Hackbarth's plea colloquy and finds that it meets all of these requirements. Furthermore, in order to make out a claim of ineffective assistance of counsel in the context of a guilty plea, Hackbarth must show that (1) counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985). The thrust of Hackbarth's allegations are actual innocence and insufficiency of the evidence. Nowhere does he even hint that his counsel's alleged errors induced his guilty plea. Finally, Hackbarth's allegation that the prosecution withheld favorable discovery evidence is a nonstarter. Even if Hackbarth was not privy to

favorable discovery evidence in advance of the hearing, his plea is still considered voluntary because it followed disclosure of an adequate factual basis for the charge. *See United States v. Underwood*, 174 F.3d 850, 853-54 (7th Cir. 1999).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Hackbarth's motion under 28 U.S.C. § 2255 is **DISMISSED** with prejudice.

Dated at Milwaukee, Wisconsin this 4th day of December, 2006.

        **SO ORDERED,**

        **s/ Rudolph T. Randa**
        **HON. RUDOLPH T. RANDA**
        **Chief Judge**